In re Kenneth W. DeBAUN.

Appeal No. 82–530.

United States Court of Customs
and Patent Appeals.

Aug. 27, 1982.

Ernest M. Anderson, San Francisco, Cal.,
for appellant.

Joseph F. Nakamura, Sol., Henry W. Tar-
ring, II, Associate Sol., Washington, D. C.,
for Patent and Trademark Office.

Before MARKEY, Chief Judge, and
RICH, BALDWIN, MILLER and NIES,
Judges.

**460**

NIES, Judge.

This appeal is from the decision of the Patent and Trademark Office (PTO) Board of Appeals (board) sustaining the rejection of claims 9 and 10 in application Serial No. 952,695 for reissue of Patent No. 3,964,519 filed November 18, 1974, for "Fluid Velocity Equalizing Apparatus." The rejection was for obviousness under 35 U.S.C. § 103[1] in view of a disclosure in a patent issued to appellant and Noll less than one year prior to November 18, 1974. The board held that the reference may be used against appellant. We reverse.

*Background*

The invention "relates generally to apparatus for conditioning the flow pattern [of] fluids flowing in conduits . . . particularly . . . for equalizing the velocity profile of fluid flowing in a conduit." The invention is stated to be "useful in the type of apparatus disclosed in U. S. Patent 3,842,678 issued to Kenneth W. DeBaun and Robert W. Noll on October 22, 1974." The DeBaun and Noll patent ('678 patent) filed June 1, 1973, is the sole reference forming the basis of the examiner's rejection.

The claims of the present application are directed specifically to the "equalizer ho-

neycomb section 4."[2] Claim 9 is representative.

9. Apparatus for equalizing the velocity of flowing fluid including duct means defining a flowing stream of fluid; at least one open-ended honeycomb equalizing section substantially coaxial with said duct means, intercepting and conducting the fluid therethrough, said honeycomb section having a plurality of parallel passages across substantially the entire duct cross-section *wherein the ratio of surface area of each passage to the cross-sectional area of each passage is at least 30* and the end of the honeycomb facing the stream of fluid is curved to flatten the velocity profile of the stream. [Emphasis ours.]

The examiner rejected the claims under 35 U.S.C. § 103 in view of the '678 patent. The '678 patent and the subject application disclose an identical passageway with an equalizer honeycomb section but the '678 patent neither describes nor claims the equalizer honeycomb section's ratio of surface area to cross-sectional area. Further, the reference claims a complete air sampling system including the passageway containing the basic equalizer honeycomb section as shown above while appellant claims

1. 35 U.S.C. § 103 provides:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject

matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

2. The only drawing in appellant's application, shown below, is identical, except for numbering, to Fig. 6 of the '678 patent, and shows the equalizer honeycomb section 4 in an air duct 2. The duct is part of the air sampling system claimed in the '678 patent.

only the passageway containing the improved equalizer honeycomb section.

Appellant concedes that the equalizer honeycomb section of the '678 patent is "essentially constructed in accordance with applicant's invention." He further concedes, for purposes of appeal, that the relationship of surface area to cross-sectional area is "part of the teaching of [the '678 patent] or would be obvious in view thereof."

To overcome the rejection, the examiner required that appellant file an affidavit under Rule 131 [3] *and an affidavit by Noll disclaiming inventorship* of the basic equalizer honeycomb section.

No affidavit by Noll was submitted to comply with the examiner's requirement. Instead, appellant's attorney filed a declaration stating, inter alia, that "he is informed and believes" that Noll's whereabouts are not known to Air Monitor Corporation.[4] Noll was an employee of Air Monitor Corp. at the time the application for the '678 patent was filed but has since left its employ.

Appellant also filed the following declaration:

I, KENNETH W. DEBAUN, declare as follows:

1. I am the inventor and applicant of the invention entitled "FLUID VELOCITY EQUALIZING APPARATUS", disclosed and claimed in U. S. Application Serial No. 952,695 filed October 19, 1978.

2. The invention described and claimed in said application was conceived by me prior to June 1, 1973, as evidenced by the following facts which are of my own knowledge:

(a) Attached hereto [5] as an exhibit is a drawing No. 73–315, dated 3–15–73, which illustrates a velocity profile development of an apparatus having open-ended honeycomb velocity equalizing sections as originally conceived by me; that in accordance with my conception, the drawing shows an open-ended honeycomb equalizing section substantially coaxial with a fluid duct, said honeycomb sections having a plurality of parallel passages across substantially the entire duct cross section, the ratio of surface area of each passage to the cross-sectional area of each passage at least 30, the end of the honeycomb facing the stream of fluid being curved to flatten the velocity profile of the stream. In addition, the length of the parallel passages, as shown, vary over the cross-sectional area of said conduit to equalize the fluid flow velocities across the cross-sectional area of the conduit;

(b) Drawing No. 73–315 was given to patent counsel for purposes of preparing a patent application on an isokinetic sampling system of which I am co-inventor with Robert W. Noll, said application having been filed on June 1, 1973, and resulted in U. S. Patent No. 3,842,678, issued October 22, 1974.

(c) Insofar as the invention of my pending application Serial No. 952,695 is suggested by drawing No. 73–315, or

---

3. Rule 131, 37 CFR 1.131 provides:

(a) When any claim of an application is rejected on reference to a domestic patent which substantially shows or describes but does not claim the rejected invention, or on reference to a foreign patent or to a printed publication, and the applicant shall make oath or declaration as to facts showing a *completion of the invention* in this country *before the filing date* of the application on which the domestic patent issued, ... or before the date of the printed publication, then the patent or publication shall not bar the grant of a patent to the applicant, unless the date of such patent or printed publication be more than one year prior to the date on

which the application was filed in this country. [Emphasis ours.]

4. Appellant's application is assigned to Air Monitor Corp. of which appellant is president. Apparently, appellant's attorney has formed his "belief" on information gained solely from discussions with appellant. Appellant has failed to indicate why he did not simply include the information in his own declaration. Since we hold that Noll's disclaimer is unnecessary, we need not evaluate the weight to be given to the attorney's declaration with respect to statements more appropriately made by appellant.

5. We do not consider it necessary to include drawing No. 73–315.

by anything contained in U. S. Patent No. 3,842,678, it was originally conceived by me and described to patent counsel prior to June 1, 1973.

3. That my invention as covered by claims of U. S. Application Serial No. 952,695 was described in the specification of U. S. Patent No. 3,842,678 merely to comply with the requirements of 35 U.S.C. § 112, under the advise [sic] of applicant's attorneys.

The examiner maintained the rejection, concluding that appellant's declaration was insufficient under Rule 131 to overcome the reference.

The board sustained the § 103 rejection. While agreeing with appellant that Noll's disclaimer should not be required, the board concluded:

> we do not find that the declarations are sufficient to show that the appellant is solely the inventor of the subject matter claimed by this application.

On rehearing, the board rephrased its conclusion:

> We are still of the opinion that the declarations on file are not sufficient to show that the appellant is the inventor of the subject matter claimed by this application as necessary to overcome a Section 103 rejection based upon the earlier patent.

### OPINION

### I

■ We agree with the examiner and the board that appellant could overcome, or "antedate," the '678 patent with a proper Rule 131 declaration. *In re Facius*, 56 CCPA 1348, 1355, 408 F.2d 1396, 1404, 161 USPQ 294, 300 (1969). We also agree that the declarations herein are insufficient under Rule 131 as they fail to allege facts showing the necessary diligence and/or reduction to practice of the invention now

6. Appellant has stated that he is unable to submit a declaration complying with the requirements of Rule 131.

7. Rule 132, 37 CFR 1.132 provides:
   When any claim of an application is rejected on reference to a domestic patent which

claimed.[6] *See In re Harry*, 51 CCPA 1541, 333 F.2d 920, 142 USPQ 164 (1964). However, the examiner erred in concluding that a Rule 131 affidavit is the only way of overcoming the rejection made in this case. *See, e.g., In re Land*, 54 CCPA 806, 825, 368 F.2d 866, 879–80, 151 USPQ 621, 633 n. 11 (1966).

In *In re Katz*, 687 F.2d 450 (Cust. & Pat.App.1982) issued concurrently, we have reaffirmed that an applicant's own work, even though publicly disclosed prior to his application, may not be used against him as a reference, absent the existence of a time bar to his application.

■ Thus, the '678 patent to appellant and Noll, having issued less than one year before the filing date of appellant's original '519 patent application, is only available as a reference if the pertinent disclosure is not the sole work of appellant. As in *Katz*, supra, the specific issue raised by this appeal is an evidentiary one.

### II

While the board recognized that the declarations filed herein under Rule 132[7] must be considered, *see Facius*, 56 CCPA supra at 1352, 408 F.2d at 1402, 161 USPQ at 297 n.4, the board did not, in our view, focus on the significant question.

The board tested the declarations to determine whether they supported appellant's assertion of inventorship of the *improved* equalizer honeycomb section here claimed. That was error.

> [T]he proper subject of inquiry was . . . what the *evidence* showed as to *who* invented the subject matter disclosed by [the reference] which was relied on to support the rejection. [*In re Land*, 54 CCPA at 825, 368 F.2d at 879–80, 151 USPQ at 633 n.11 (emphasis in original).]

substantially shows or describes but does not claim the invention, or on reference to a foreign patent, or to a printed publication . . . affidavits or declarations traversing these references . . . may be received.

The only question raised by the rejection is whether appellant invented the relevant disclosure in the '678 patent.

### III

The '678 patent is silent with respect to who invented the basic equalizer honeycomb section itself, and we do not presume that it is the invention of appellant and Noll jointly or of either of them.

> [T]he existence of combination claims does *not* evidence inventorship by the patentee of the individual elements or sub-combinations thereof if the latter are not separately claimed apart from the combination. It is clear that the inventor of a combination may not have invented *any* element of that combination, much less each of the elements. [*In re Facius*, supra 56 CCPA at 1358, 408 F.2d at 1406, 161 USPQ at 301].

As in *Katz*, supra, the question of whether appellant is the sole inventor was properly raised by the PTO, and it was incumbent on appellant to provide satisfactory evidence, in light of the total circumstances of the case, that the reference reflected his own work. *In re Facius*, supra; *In re Land*, supra.

In *Facius*, the court concluded that the affidavits filed there did not sufficiently support Facius's contentions that he invented subject matter disclosed in the reference patent issued to another sole inventor, noting that the affidavits did not contain any statement that Facius was the *inventor* of such subject matter. In contrast, appellant's declaration here states that he originally "conceived" the basic equalizer honeycomb section disclosed in the '678 patent and in drawing No. 73–315.

Although the law is well settled that a completed invention requires both conception and reduction to practice, there is no requirement that the inventor be the one to reduce the invention to practice so long as the reduction to practice was done on his behalf. *Litchfield v. Eigen*, 535 F.2d 72, 76, 190 USPQ 113, 116 (CCPA 1976). The filing by appellant and Noll of the application for the '678 patent was a constructive reduction to practice of the air sampling system including the passageway which contained the basic equalizer honeycomb section, which inures to appellant's benefit as one of the named inventors in the '678 patent. The question, then, is whether what was constructively reduced to practice was appellant's own conception. On the basis of the record here, which includes appellant's unequivocal declaration that he conceived anything in the '678 patent disclosure which suggests the invention claimed in his present application, that question has been satisfactorily answered.

We conclude that the board erred in upholding the rejection based on the '678 patent in view of appellant's showing that the basic equalizer honeycomb section is appellant's own invention.

REVERSED.

MILLER, Judge, concurring.

I agree with the majority's holding that Noll's disclaimer is unnecessary; also, with its statement that we do not presume that the equalizer honeycomb section is the invention of appellant and Noll jointly or of either of them in light of the quoted language from *In re Facius*. Appellant's declaration sets forth his conception on or before March 15, 1973, well before the filing date of the DeBaun and Noll '678 patent, and other facts supported by exhibits which justify a conclusion that DeBaun was the sole inventor of the subject matter claimed in the present application. Thus, this case is readily distinguishable from the facts in *In re Katz*, 687 F.2d 450 (Cust. & Pat. App.1982) wherein I have filed my dissent. *See In re Land*, 54 CCPA 806, 823, 368 F.2d 866, 878, 151 USPQ 621, 632 (1966).